# Supreme Court of Texas

## No. 21-0106

Benjamin "B.J." Reynolds, Mark Mewshaw, Wes Hobbs, and
Terra Energy Partners, LLC,

*Petitioners*,

v.

Sanchez Oil and Gas Corporation, et al.,

*Respondents*

On Petition for Review from the
Court of Appeals for the First District of Texas

## PER CURIAM

Under the Texas Citizens Participation Act (TCPA), a party may move to dismiss certain "legal actions" within sixty days of being served. TEX. CIV. PRAC. & REM. CODE § 27.003(b). We held last term that,

> to the extent an amended or supplemental pleading either (1) adds a new party or parties, (2) alleges new essential facts to support previously asserted claims, or (3) asserts new legal claims or theories involving different elements than the claims or theories previously asserted, the new pleading asserts a new legal action and triggers a new sixty-day period as to those new parties, facts, or claims.

*Montelongo v. Abrea*, 622 S.W.3d 290, 293-94 (Tex. 2021). The same day we issued *Montelongo*, we also reaffirmed that an earlier petition sufficiently pleads a legal action "only if the petition gives fair notice of the claim involved." *Kinder Morgan SACROC, LP v. Scurry County*, 622 S.W.3d 835, 849 (Tex. 2021).

In a decision issued before we decided *Montelongo* and *Kinder Morgan*, the court of appeals held in this case that the plaintiffs' second amended petition did not assert a new legal action under the TCPA because amended petitions only assert new legal actions if they assert "new claims based upon new factual allegations." 617 S.W.3d 30, 42 (Tex. App.—Houston [1st Dist.] 2020) (citations omitted). This holding conflicts with our decision in *Montelongo* that either new claims or new factual allegations will assert a new legal action to which a new sixty-day deadline applies. 622 S.W.3d at 293. We believe the court of appeals should have the opportunity to reconsider this case in light of our holdings in *Montelongo* and *Kinder Morgan*. Therefore, without hearing oral argument, *see* TEX. R. APP. P. 59.1, we grant the petition for review, vacate the judgment below, and remand the case for the court of appeals to reconsider its holding in light of *Montelongo* and *Kinder Morgan* and to reach the remaining issues as necessary to dispose of this interlocutory appeal. *See* TEX. R. APP. P. 60.2(f).

**OPINION DELIVERED:** November 19, 2021